UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | FILED APR 8 '02 PM 12:45 USDCALS |
| OPPORTUNITY COMMISSION ) | CIVIL ACTION NO. 00-0859 |
| ) | |
| PLAINTIFF ) | |
| ) | |
| VS. ) | |
| ) | |
| JOHN FAYARD FAST FREIGHT INC. ) | |
| D/B/A JOHN FAYARD/FASTWAY SYSTEMS ) | |
| AND KNIGHT TRANSPORTATION ) | |
| ) | |
| DEFENDANT ) | |

## SETTLEMENT AGREEMENT

On September 25, 2000, The Equal Employment Opportunity Commission ("Plaintiff, EEOC") filed a lawsuit in this Court against John Fayard Fast Freight Inc. d/b/a John Fayard/Fastway Systems and later amended that lawsuit to add as a Defendant Knight Transportation ("the Defendants"). Plaintiff's complaint alleged that the Defendants subjected Kerry E. Parker to racial harassment and subsequently discharged him in violation of Title VII of the Civil Rights Act of 1964.

The Defendants have answered the EEOC's Complaint.

For purposes of settlement and compromise only, the parties wish to resolve the instant controversy without the expense, delay, and burden of further litigation. The parties agree that (i) the Court has jurisdiction over the parties to and the subject matter

of this action, (ii) the purpose of Title VII will be furthered by the implementation of this Agreement, (iii) this Agreement is intended to and does resolve all matters in controversy in this lawsuit among the parties, or in the EEOC charge underlying the lawsuit, and (iv) the terms of this Agreement constitute a fair and equitable settlement of all issues in this lawsuit.

FOR AND IN CONSIDERATION of the mutual promises, covenants, and Agreements made herein by and between the parties, IT IS THEREFORE AGREED as follows:

1. The term "Defendants" includes the named Defendants, their affiliated or related corporations or other entities, the former, present, or future employees, officers, agents, directors, and partners of all such corporations or other entities and the successors and assigns of any and all of them.

2. The term "Plaintiff" refers to the Equal Employment Opportunity Commission.

3 The terms "settling parties" or "the parties" refer to Plaintiff and Defendants.

4. This Agreement, being entered for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendants of any violation of Title VII, or any executive order, law, rule or regulation. Defendants expressly deny and dispute that they have violated any law.

5. In exchange for the promises contained herein, the EEOC waives and relinquishes every right or privilege to claim, request or make application for costs from Defendants in any way relating to or arising out of the litigation of the underlying charge

2

Defendants in any way relating to or arising out of the litigation of the underlying charge filed with the EEOC. Payment under the terms specified below constitutes full satisfaction of any and all claims for such costs.

6. A joint press release agreed to by the parties will be issued relating to the resolution of this case. Nothing in this Agreement otherwise requires the EEOC to keep the terms of the Agreement confidential.

7. Defendants agree to pay Kerry E. Parker the gross sum of TWO THOUSAND FIVE HUNDRED DOLLARS and NO CENTS ($2,500.00) upon receipt of (1) the Court's order dismissing the above-captioned lawsuit and (2) receipt of an executed Release a copy of which is attached as Exhibit A. Defendants agree to issue the payment by check to Kerry E. Parker, within three (3) working days of the receipt of the executed Release. Weekends and holidays shall not be counted in the three (3) day period.

8. In further consideration for the promises contained herein, Defendant also agrees to the following:

    a. They will not retaliate in any manner against Kerry E. Parker or any person who participated in this lawsuit or in the investigation of EEOC Charge of Discrimination numbered 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 or who opposed the practices complained of in this action;

    b. They will not discriminate against their employees on the basis of race in violation of Title VII of the Civil Rights Act of 1964 by engaging in or being a party to any action, policy or practice that has the effect of harassing or

3

intimidating any employee on the basis of his or her race and/or creating, facilitating or permitting the existence of a work environment that is hostile to their employees, because of race.

c. They will not implement or permit any adverse employment action, policy or practice with the purpose or intent of retaliating against any current or former employee of Defendants in violation of Title VII because he or she opposed any practice of racial harassment or filed a Complaint in Court or filed a Charge of Discrimination alleging such a practice; testified or participated in any manner in an investigation (including any internal investigation by Defendants), or hearing in connection with this case and/or relating to any claim of racial harassment; was identified as a possible witness in this action; and/or sought and/or received any monetary and/or non-monetary relief in accordance with this Settlement Agreement;

d. Within four months of the entry of the Order of Dismissal, Defendants will develop comprehensive ongoing training programs for management and non-management personnel on racial harassment in the workplace. Defendants shall also develop and distribute a zero tolerance policy concerning racial harassment to all current and new employees.

e. Within six months of the entry of the Order of Dismissal, Defendants shall provide training on racial harassment for their hourly, supervisory, management, and human resources employees. The training will specifically address the special issues which may arise during driver training.

4

       The training will be repeated annually for an additional two (2) years.

    f.    Within four months of the entry of the Order of Dismissal, Defendants will provide training to their management and human resource personnel responsible for investigating complaints of harassment and discrimination on how to investigate complaints and on the appropriate actions to take upon the completion of the investigation. This training will be conducted by instructors chosen by Defendants who are competent to do so. The training will be repeated annually for an additional two (2) years.

    g.    Defendant will submit annual reports for an additional period of two (2) years on the training to be provided pursuant to paragraph 8 sections (d), (e), and (f) of this Agreement to the EEOC c/o Debra Hawes Crook, Equal Employment Opportunity Commission, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.

9.    This Settlement Agreement is entered into without reliance upon any statement or representation of any party hereto or parties released hereby other than the statements and representations contained in writing in this Agreement.

10.    In consideration for the undertaking and promises set forth herein, EEOC agrees to file pursuant to Rule 41 (a) (2), a motion to dismiss with prejudice all claims raised in the action entitled <u>EEOC v. John Fayard Fast Freight Inc. d/b/a John Fayard/Fastway Systems and Knight Transportation</u> Civil Action No. 00-0859 (S.D. AL). This motion and accompanying proposed order of dismissal are attached as Exhibit B and C to this Agreement. Defendant agrees not to oppose the EEOC's motion. This

5

Settlement Agreement is contingent upon the Court adopting without alterations the EEOC's proposed Order of Dismissal.

11.  This Settlement Agreement contains the entire understanding between the parties. Because the dismissal of this case is contingent upon Court approval, this Agreement may not be modified except as approved by the Court.

12.  All parties expressly agree that the proper forum for any formal dispute alleging a breach of the Agreement is the United States District Court for the Southern District of Alabama, Southern Division, and all parties hereby consent to the jurisdiction of such court in the event of litigation alleging a breach of the Agreement by any other party.

13.  The claims resolved by this Agreement are those which were alleged in Charge of Discrimination numbered 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, and all other claims asserted in the Complaint in the above styled lawsuit. This Agreement does not resolve any other Charge which may be pending with the EEOC or which may be filed in the future with the EEOC.

AGREED TO and IN WITNESS WHEREOF, the undersigned hereunto set their hands on the dates below written.

**FOR THE PLAINTIFF:**

**FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

Nicholas Inzeo
Acting Deputy General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest

6

Washington, D.C. 20507

_____
Charles E. Guerrier (OH Bar No. 0023546)
Regional Attorney

_____
Mildred Byrd (LA No. 03741)


_____
Debra Hawes Crook (AL Bar No.6862R69D)


Equal Employment Opportunity Commission
Ridge Park Place
1130 - 22nd Street South, Suite 2000
Birmingham, Alabama 35205

**DATE:** _4-3-02_____



**FOR DEFENDANTS:**

**JOHN FAYARD FAST FREIGHT, INC., D/B/A/ JOHN FAYARD/FASTWAY SYSTEMS AND KNIGHT TRANSPORTATION, INC.**

_____
Stephanie G. John (LA Bar No. 25114)
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130


**DATE:** _4/3/02_____

7